## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| GREG LANCE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 3:12-cv-757 |
| | ) |
| WILLIAM LOCKE, | )   Judge Campbell |
| CAROLYN JENNINGS, | ) |
| LAUREN ZECHMAN, | ) |
| JACQUELINE POWELL, | ) |
| DEPARTMENT OF CHILDREN'S SERVICES, | ) |
| TRACY CATEN, | ) |
| JUDY POLLARD, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Greg Lance is a state prisoner detained at the Northwest Correctional Complex in Mountain City, Tennessee. His *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1) is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons stated in the Memorandum Opinion filed herewith, the Court finds that the complaint fails to state a claim upon which relief may be granted by this Court. The complaint is therefore **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Also pending is the plaintiff's Application to Proceed without Prepayment of Fees. (ECF Nos. 4 and 8.[1]) Because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF Nos. 4 and 8) is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(b), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to

---

[1] The first application to proceed as a pauper was signed by the plaintiff under penalty of perjury, but it was not signed and notarized by a prison official, or accompanied by the required six-month trust account statement. The plaintiff submitted a second application, which the plaintiff neglected to sign. However, the document was signed and notarized by a prison official and accompanied by the account statement. Considered together, docket entries 4 and 8 comprise one completed application.

submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **SHALL** send a copy of this order to the Warden of the Northwest Correctional Complex to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

The plaintiff's motion for temporary restraining order (ECF No. 2) is **DENIED** as moot.

It is so **ORDERED**.


Todd Campbell
United States District Judge